**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| PLAINTIFF<br><br>RODGER DALE ASBURY;<br>APRIL TARBUSH ASBURY;<br><br>-v-<br><br>DEFENDANTS<br><br>ASAP ROADSIDE RESCUE LLC;<br>JOHNNY EDWARD NOBLES. | Case No.:<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiffs Rodger Dale Asbury, individually, and April Tarbush Asbury, individually and as legal guardian of minor H.A., by and through the undersigned attorneys, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiff Rodger Dale Asbury was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is and has been a resident and citizen of North Carolina.

2. Plaintiff April Tarbush Asbury was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is and has been a resident and citizen of North Carolina.

3. Plaintiff April Tarbush Asbury is also the grandmother and legal guardian Minor H.A. ("Injured Minor") who was injured in the crash that is subject of this action (the "Crash"). At all relevant times, H.A. is and has been a resident and citizen of North Carolina. April Tarbush Asbury brings the instant action on behalf of Minor H.A.

4. Defendant Johnny Edward Nobles ("Nobles") was driving the vehicle that crashed into Plaintiffs and the Injured Minor and caused their injuries.

5. Upon information and belief, Defendant ASAP Roadside Rescue LLC is a South Carolina limited liability company with all members residing in South Carolina.

6. At all times relevant to this action, Nobles was an agent, servant, and/or employee of Defendant ASAP Roadside Rescue LLC, individually or jointly.

7. At all times relevant to this Complaint, Defendant ASAP Roadside Rescue LLC's agents, servants, and/or employees were acting in the course and scope of their employment or agency with the Defendant ASAP Roadside Rescue LLC.

8. The Florence Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Marion County, as further shown below.

9. This Court has personal jurisdiction over the Defendant ASAP Roadside Rescue LLC and Nobles because Defendant ASAP Roadside Rescue LLC and Nobles were, at the time this cause of action arose, doing business in South Carolina through their agent Nobles, and this cause of action relates to and arises out of Defendants' contacts with South Carolina, as further shown below.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiffs are citizens and resident of North Carolina while the Defendants are all citizens of South Carolina and as such there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiffs' and the Injured Minor's serious injuries.

**BACKGROUND**

14. On or about June 18, 2026, at or around 1:00 p.m. Plaintiff Rodger Dale Asbury was operating a motor vehicle stopped at a red light while traveling east on US-76 in Marion County, South Carolina, with Plaintiff April Tarbush Asbury and the Injured Minor riding as passengers.

15. At or around the same time, and at all relevant times hereto, Nobles was operating a 2016 Freightliner Cascadia bearing VIN 1FUBGADV9GLHC3717 behind Plaintiffs and the injured minor on US-76 in Marion county.

16. As Nobles approached Plaintiffs' vehicle from behind, he was driving too fast for conditions.

17. Additionally, Nobles was distracted.

18. As a result of Nobles speed and distraction, Nobles drove his truck into the rear-end of Plaintiffs' and the Injured Minor's vehicle.

19. As a result of the Crash, Plaintiffs and the Injured Minor sustained serious injuries that required medical treatment, which is currently ongoing.

20. At the time of the crash, Nobles was a driver for ASAP Roadside Rescue LLC.

21. ASAP Roadside Rescue LLC is a for-hire motor carrier registered with the United States Department of Transportation under USDOT Number 3753953.

22. At the time of the crash, ASAP Roadside Rescue LLC and Nobles were carrying property in interstate commerce.

23. Neither Plaintiffs nor Injured Minor were employed by ASAP Roadside Rescue LLC.

**FOR A FIRST CAUSE OF ACTION**

(Negligence/Recklessness, Negligence *Per Se* Against All Defendants)

11. Plaintiffs reallege and reincorporate the preceding paragraphs as if repeated verbatim

here.

12. Nobles owed a duty to Plaintiffs and the Injured Minor to operate the motor vehicle in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

13. Nobles breached this duty to use due care in operating the commercial motor vehicle and was negligent, negligent *per se*, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

a. Failing to obey traffic signs and signals;

b. Failing to yield the right of way;

c. Failing to keep a proper lookout;

d. Driving while inattentive and/or distracted;

e. Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

f. Acting with conscious disregard for the safety of others, including Plaintiffs and the Injured Minor;

g. Acting in violation of applicable state and federal statutes and regulations; and

h. Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

14. Nobles' acts and omissions were the direct and proximate cause of Plaintiffs' and the Injured Minor's injuries and damages claimed herein.

15. As a direct and proximate result of Nobles' acts and omissions, Plaintiffs and the Injured Minor suffered severe physical injuries which have caused, and in the future will cause, Plaintiffs and the Injured Minor to suffer the following damages:

a. Physical pain and suffering;

b. Loss of enjoyment of life, to the detriment of their physical health and mental wellbeing;

c. Loss of wages and/or earning capacity;

d. Substantial expenses for past and future medical services;

e. Mental anguish, emotional distress, shock, and fear;

f. Other damages as will be shown in the discovery and trial of this case.

16. Defendant ASAP Roadside Rescue LLC is vicariously liable for all acts and omissions of Nobles pursuant to the doctrines of agency and respondeat superior.

17. Plaintiffs are entitled to an award of all actual, consequential, and incidental damages against all Defendants, jointly and severally.

18. Plaintiffs are also entitled to an award of punitive damages against all Defendants.

19. Plaintiffs are also entitled to an award of prejudgment interest against all Defendants, jointly and severally.

**FOR A SECOND CAUSE OF ACTION**

(Negligent Hiring, Entrustment, Training, Retention, and Supervision Against ASAP Roadside Rescue LLC)

20. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

21. Defendant ASAP Roadside Rescue LLC was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining Nobles and entrusting them to drive their motor vehicle, in that Defendant ASAP Roadside Rescue LLC knew or should have known that Nobles was too incompetent, unfit, inexperienced, and/or reckless to operate their

motor vehicle, which created an appreciable risk of harm to the public, including Plaintiffs and the injured minor.

22. Defendant ASAP Roadside Rescue LLC was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in failing to properly train and/or supervise Nobles, in that Defendant ASAP Roadside Rescue LLC permitted Nobles, who was within their employ, agency, and control, to operate its motor vehicle with knowledge that Nobles posed a danger to the public, including Plaintiffs and the injured minor, in operating the vehicle.

23. Defendant ASAP Roadside Rescue LLC's acts and/or omissions in hiring, training, retaining, and supervising Nobles, and in entrusting them with their motor vehicle, were the direct and proximate cause of the subject collision, as well as Plaintiffs' and the Injured Minor's resulting damages.

24. As a direct and proximate result of the acts and omissions of Defendant ASAP Roadside Rescue LLC, Plaintiffs and the Injured Minor have suffered and will continue to suffer the damages described herein.

25. Plaintiffs are therefore entitled to an award of all actual, consequential, and incidental damages against Defendant ASAP Roadside Rescue LLC.

26. Plaintiffs are also entitled to an award of punitive damages against Defendant ASAP Roadside Rescue LLC.

**WHEREFORE**, Plaintiffs ask this Court to award actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines they are entitled to, and such other relief as this Court determines is just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

**MORGAN & MORGAN, P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5186
Fax: (843) 947- 6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

September 28, 2026
Charleston, South Carolina